# EXHIBIT C

Exhibit C

7/17/2020 12:12:16 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 44614034
By: SALGADO, CAROLINA
Filed: 7/17/2020 12:12:16 PM

## CIVIL PROCESS REQUEST

> FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
> FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** _____     **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Original Petition and Request for Disclosure, Interrogatories, Production

**FILE DATE OF MOTION:** _____   7/17/20  _____
                                     Month/   Day/   Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  NAME:   JORGE R. RODRIGUEZ

    ADDRESS:   2831 TRINITY GLEN LANE, HOUSTON, TX 77047 OR ANY OTHER PLACE WHERE DEFENDANT MAY BE FOUND.

    AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

**SERVICE BY** (check one):

- [ ] **ATTORNEY PICK-UP**               [ ] **CONSTABLE**
- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
- [ ] **MAIL**                           [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
      Type of Publication:   [ ] **COURTHOUSE DOOR,  or**
                             [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [x] **OTHER,** explain  SERVICE@LASSITERLAW.NET

***********************************************************************************

****

2.  NAME: _____

    ADDRESS: _____

    AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

**SERVICE BY** (check one):

- [ ] **ATTORNEY PICK-UP**               [ ] **CONSTABLE**
- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
- [ ] **MAIL**                           [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
      Type of Publication:   [ ] **COURTHOUSE DOOR,  or**
                             [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** explain _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:   LASSITER LAW FIRM, JAMES M. LASSITER, III     TEXAS BAR NO./ID NO.  11969825

MAILING ADDRESS: 3120 SOUTHWEST FREEWAY, SUITE 650

PHONE NUMBER: 713 | 521-0104           FAX NUMBER: 713 | 521-0103
              area code | phone number              area code | fax number

EMAIL ADDRESS: YVONNE@LASSITERLAW.NET

CIVIC108 Revised 9/3/09

7/17/2020 12:12:16 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 44614034
By: SALGADO, CAROLINA
Filed: 7/17/2020 12:12:16 PM

CAUSE NO. _____

| | | |
|---|---|---|
| LUIS MEJIA-HERNANDEZ AND LOURDES CASTILLO, PLAINTIFFS | § | IN THE DISTRICT COURT |
| vs. | § | _____ JUDICIAL DISTRICT |
| OPELIA GUARDADO AND JESUS GUARDADO-HERNANDEZ, DEFENDANTS | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S REQUEST
## FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

**TO:   JESUS GUARDADO-HERNANDEZ, Defendant,**

Please take notice that request is hereby made, pursuant to Rule 196 of the Texas Rules of Civil Procedure, that Defendant JESUS GUARDADO-HERNANDEZ produce and permit the undersigned attorney for Plaintiff LUIS MEJIA-HERNANDEZ, to inspect and copy or reproduce the documents hereinafter designated on Exhibit "A" attached hereto, at 3120 Southwest Freeway, Suite 650, Houston, Texas 77098 or at such other time and place as may be agreed upon by counsel for the parties.

Within 50 days after service of this Request for Production of Documents, Defendant shall file a written response stating with respect to each request that an inspection and copying or reproduction will be permitted as requested unless the request is objected to, in which event the reason for the objection shall be stated.

Respectfully submitted,

**LASSITER LAW FIRM**
3120 Southwest Freeway, Suite 650
Houston, Texas 77098
TEL (713)521-0104
FAX (713)521-0103
tim@lassiterlaw.net
service@lassiterlaw.net

BY: _____

JAMES M. LASSITER, III
STATE BAR NO. 11969825
TIMOTHY M. MCHALE
STATE BAR NO. 24046393
MOHAMMED H. NABULSI
STATE BAR NO. 24105686
HANNAH JOHANNES
STATE BAR NO. 24116572
ATTORNEYS FOR PLAINTIFFS

## DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the terms "you" and "your" shall mean JESUS GUARDADO-HERNANDEZ, Defendant's attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Defendant, whether authorized to do so or not.

2.      As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing in one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person.   The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.  For purposes of illustration and not limitation, the term shall include:   affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries, drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase

orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; statements, interviews; stock transfer ledger; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

In accordance with Tex. R. Civ. P. §192.7, a document is deemed to be in your possession, custody or control if you have either actual physical possession of a document or constructive possession of the document. Constructive possession means that you have a superior right to compel the production of such document or a copy thereof from a third party having actual physical possession of the document.

3.    "Person" or "persons" means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as government or quasi-governmental agencies.  If other than a natural person, include all natural persons associated with such entity.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from AUGUST 3, 2018, through the date of production of documents requested herein.

## EXHIBIT A

## DOCUMENTS TO BE PRODUCED

1.    All photographs taken in connection with Plaintiffs' cause of action in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf, that are not privileged by law.

2.    All photographs taken of the scene of the accident or the surrounding area of the scene of the accident in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf, that are not privileged by law.

3.    All photographs taken of the Plaintiffs which may be in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

4.    All pictures, motion pictures, movies, films, or photographic material of any kind

taken of the Plaintiffs which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

5.  All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of defendant's lawsuit taken before, during or after the accident in question which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf that are not privileged by law.

6.  All written statements made by the Plaintiffs in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

7.  All oral statements made by the Plaintiffs which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

8.  All written statements made by any witnesses to the accident that are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf and that are not privileged by law.

9.  All oral, taped or recorded statements made by any witnesses to the accident that is the basis of Plaintiff's lawsuit which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf that are not privileged by law.

10. All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of (1) any expert who will or may be called by the Defendant as a witness during the trial of Defendant's case; (2) who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness.

11. A curriculum vitae or resume for any individual whom you may call as an expert witness in the trial of defendant's matter.

12. Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to Defendant, as a result of the accident of Plaintiff which has been made the basis of Plaintiffs' lawsuit that are not privileged by law.

13. Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of defendant's that Defendant prepared as a result of the accident made the basis of Plaintiffs' lawsuit that are not privileged by law.

14. Copies of estimates, invoices, and/or any other written documentation which was prepared as a result of the damage to any vehicles involved in the accident made the basis of Plaintiffs' lawsuit.

15. Copies of any and all relevant documents, reports, and/or memorandum in Defendant's possession which have resulted from the accident made the basis of Plaintiffs' lawsuit.

17. Copies of any indemnity agreement between Defendant and other parties.

18. Copies of any and all amounts received by Defendant or Co-Defendant from any insurance coverage on the vehicle involved in the incident in question.

19. Copies of any and all insurance policies responsible for any judgment which might be entered in this case.

20. Copies of any reservation of rights letter received by Defendant from Defendant's insurance carrier.

21. Copies of any documents from Defendant's insurance carrier regarding any disputes regarding coverage for the incident made the basis of this lawsuit.

## AUTHORIZATION FOR CELLULAR/MOBILE PHONE RECORDS

TO: _____

_____

_____

    This authorization will authorize any cellular/mobile phone provider, including any subcontractor, franchisees, or independent agents who have provide me, _____, with cellular, text and internet service or a cellular product to produce any and all records to the Lassiter Law Firm, 3120 Southwest Freeway, Suite 650, Houston, Texas 77098 and /or its agents.

    This authorization extends to all cellular service agreements or contracts for service, digital account records, billing records, repair and service records, call timers, call logs, stored voice messages, emails, photographs, video recordings, files, data, texts, SMS, MMS message logs, internet/data logs, monthly billing statements, records canceling service by either provider or customer for _____ to _____. The purpose of this release is to provide cellular phone information and records in connection with pending litigation.

    Additionally, a Xerox copy of this authorization may be used to obtain my cellular phone records and has the same effect as the executed original this authorization expires at the conclusion of this litigation. I understand that prior action taken in reliance on this authorization by entities that had my permission to access my cellular records will not be affected.

    I have read this form and agree to the uses and disclosure of the information as described. I understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by federal or state privacy laws.

_____

Name of Account Holder

_____

Name of Cellular Carrier

_____

Account Holder Mobile Number

_____

Account Holder Billing Address

_____

Account Holder Driver' s License No.

_____

Signature

_____

Date Signed

BEFORE ME, the undersigned notary on this day personally appeared _____ known to me whose name is subscribed above and the foregoing instrument and who, after being duly sworn upon his or her oath states the same was executed for the purposes therein expressed.

SUBCRIBED and SWORN TO BEFORE ME on the _____, day of _____ , 2019.

_____

NOTARY PUBLIC OF TEXAS

(SEAL)

DR-1 (Rev. 10/16)

# TEXAS DPS

## APPLICATION FOR COPY OF DRIVER RECORD

### MAIL TO: Texas Department of Public Safety, Box 149008, Austin, TX 78714-9008

| DO NOT MAIL CASH. Mail check or money order payable to: Texas Department of Public Safety | Any questions regarding the information on this form should be directed to the Contact Center at 512-424-2600. Allow 2-3 weeks for delivery. |
|---|---|

### Check Type of Record Desired | FEE

| | |
|---|---|
| [__] 1.  Name – DOB – License Status – Latest Address. | $ 4.00 |
| [__] 2.  Name – DOB – License Status – 3 Year Record only lists Crashes/Moving Violations. | $ 6.00 |
| [__] 2A. CERTIFIED version of #2. This Record Is Not acceptable for a Defensive Driving Course (DDC). | $ 10.00 |
| [__] 3.  Name – DOB – License Status – Record of ALL Crashes/Violations. **Furnished to Licensee Only.** | $ 7.00 |
| [__] 3A. CERTIFIED version of #3.  **Furnished to Licensee Only and is Acceptable for DDC.** | $ 10.00 |
| [__] 4.  Abstract Record – Certified abstract of completed driver record. | $ 20.00 |
| [__] Other: (Original Application, DWLI, etc.)  \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| | $ \|__\|.00 (If Required) |

### Mail Driver Record To:  (Please Print or Type)

\| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \|     \| \| \| \| \| \| \| \| \| \| \| \| \| \| \|
Requestor's Last Name                                Requestor's First Name

\| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \|     \| \| \| \| \| \| \| \| \| \| \| \| \| \| \|
Street Address                                       Texas Driver License Number

\| \| \| \| \| \| \| \| \| \| \| \| \| \|     \| \| \| \|     \| \| \| \|     \| \| \| \| \| \| \| \| \| \|
City                                State       Zip Code    Daytime Telephone Number (Include area code)

If requesting on behalf of a business, organization, or other entity, please include the following:

\| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \|
Name of business, organization, entity, etc.

\| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \|
Your Title or Affiliation with above

\| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \|
Type of business, organization, etc. (i.e., insurance provider, towing company, private investigation, firm, etc.)

### Information Requested On:

\| \| \| \| \| \| \| \| \| \| \| \| \|     \| M \| M \| / \| D \| D \| / \| Y \| Y \| Y \| Y \|     \| \| \| \| \| \|
Texas Driver License Number             Date of Birth                          Suffix (SR., JR., etc.)

\| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \|
Last Name

\| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \|
First Name

\| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \|
Middle Name/Maiden Name

### Individual's Written Consent For *ONE TIME* Release to Above Requestor:

(Requestor, if you do not meet one of the exceptions listed on the back of this form, please be advised that without the written consent of the driver license/ID card holder, the record you receive will not include personal information.)

I, _____, hereby certify that I granted access on this one occasion to my Driver License/ID Card record, inclusive of the personal information (name, address, driver identification number, etc.) to _____

_____          _____
Signature of License/ID Card Holder or Parent/Legal Guardian          Date

### State and Federal Law Requires Requestors to Agree to the Following:

In requesting and using this information, I acknowledge that this disclosure is subject to the federal Driver's Privacy Protection Act (18 U.S.C. Section 2721 et seq.) and Texas Transportation Code Chapter 730. False statements and representations to obtain personal information pertaining to any individual from the DPS could result in the denial to release any driver record information to myself and the entity for which I made the request. Further, I understand that if I receive personal information as a result of this request, it may only be used for the stated purpose and I may only resell or redisclose the information pursuant to Texas Transportation Code §730.013. Violations of that section may result in a criminal charge with the possibility of a $25,000 fine.

I certify that I have read and agree with the above conditions and that the information provided by me in this request is true and correct. If I am requesting this driver record on behalf of an entity, I also certify that I am authorized by that entity to make this request on their behalf. I also acknowledge that failure to abide by the provisions of this agreement and any state and federal privacy law can subject me to both criminal and civil penalties.

_____          _____
Signature of Requestor                                    Date

**If you are not requesting a copy of your own record or do not have the written consent of DL/ID holder, you must provide the information requested on the reverse.**

**Texas Department of Public Safety**

**Save Time – Request Your Driver Record Online**
**www.texas.gov**

### Important Instructions – Read Carefully

The Texas Department of Public Safety may disclose personal information to a requestor without written consent of the DL/ID holder, on proof of their identity and a certification by the requestor that the use of the personal information is authorized under state and federal law and that the information will be used only for the purpose stated and in complete compliance with state and federal law.

**You must meet one or more of the following exceptions if you do not have written consent of the DL/ID holder to be entitled to receive personal information on the above named individual. Please** *initial* **each category that applies to the requested driver record.**

_____ 1.  For use in connection with any matter of (a) motor vehicle or motor vehicle operator safety; (b) motor vehicle theft; (c) motor vehicle emissions; (d) motor vehicle product alterations, recalls, or advisories; (e) performance monitoring of motor vehicles or motor vehicle dealers by a motor vehicle manufacturer; or (f) removal of nonowner records from the original owner records of a motor vehicle manufacturer to carry out the purposes of the Automobile Information Disclosure Act, the Anti Car Theft Act of 1992, the Clean Air Act, and any other statute or regulation enacted or adopted under or in relation to a law included in the above.

_____ 2.  *(Valid for Certified Abstract)* For use by a government agency in carrying out its functions or a private entity acting on behalf of a government agency in carrying out its functions.

_____ 3.  For use in connection with a matter of (a) motor vehicle or motor vehicle operator safety; (b) motor vehicle theft; (c) motor vehicle product alterations, recalls, or advisories; (d) performance monitoring of motor vehicles, motor vehicle parts, or motor vehicle dealers; (e) motor vehicle market research activities, including survey research; or (f) removal of nonowner records from the original owner records of motor vehicle manufacturers.

_____ 4.  For use in the normal course of business by a legitimate business or an authorized agent of the business, but only to verify the accuracy of personal information submitted by the individual to the business or the authorized agent of the business and to obtain correct information if the submitted information is incorrect to prevent fraud by pursuing a legal remedy against, or recovering on a debt or security interest against the individual.

_____ 5.  *(Valid for Certified Abstract)* For use in conjunction with a civil, criminal, administrative, or arbitral proceeding in any court or government agency or before any self regulatory body, including service of process, investigation in anticipation of litigation, execution or enforcement of a judgement or order, or under an order of any court.

_____ 6.  For use in research or in producing statistical reports, but only if the personal information is not published, redisclosed, or used to contact any individual.

_____ 7.  For use by an insurer or insurance support organization, or by a self insured entity, or an authorized agent of the entity, in connection with claims investigation activities, antifraud activities, rating or underwriting.

_____ 8.  For use in providing notice to an owner of a towed or impounded vehicle.

_____ 9.  For use by a licensed private investigator agency or licensed security service for a purpose permitted as stated on this page.

_____ 10.  *(Valid for Certified Abstract)* For use by an employer or an authorized agent or insurer of the employer to obtain or verify information relating to a holder of a commercial driver license that is required under 49 U.S.C. Chapter 313.

_____ 11.  For use in connection with the operating of a private toll transportation facility.

_____ 12.  For use by a consumer reporting agency as defined by the Fair Credit Reporting Act (15 U.S.C. §1681 et seq.) for a purpose permitted under the Act.

_____ 13.  For any other purpose specifically authorized by law that relates to the operation of a motor vehicle or to public safety.

Please state specific statutory authority _____

_____ 14.  For use in the preventing, detecting, or protecting against identity theft or other acts of fraud. The Department prior to release of personal information may require additional information.

Below is an example of how numbers and letters should be written on front of this form:

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 0 |

| A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z |

7/17/2020 12:12:16 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 44614034
By: SALGADO, CAROLINA
Filed: 7/17/2020 12:12:16 PM

## CAUSE NO. _____

| | | |
|---|---|---|
| LUIS MEJIA-HERNANDEZ AND LOURDES CASTILLO, PLAINTIFFS | § | IN THE DISTRICT COURT |
| vs. | § | _____ JUDICIAL DISTRICT |
| OPELIA GUARDADO AND JESUS GUARDADO-HERNANDEZ, DEFENDANTS | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT

**TO:    OPELIA GUARDADO, Defendant.**

**NOW COMES** LUIS MEJIA-HERNANDEZ, Plaintiff, and pursuant to Rule 197 of the Texas Rules of Civil Procedure, serve the attached Interrogatories to be propounded to Defendant OPELIA GUARDADO.

You are hereby instructed to answer the following Interrogatories separately, fully, in writing, and under oath as required by Rule 197.2(d) of the Texas Rules of Civil Procedure.  You are notified that the Plaintiff specifies that the answers shall be served upon the undersigned counsel within 50 days after the service of these Interrogatories.

Your failure to make timely answers or objections may subject you to sanctions as provided in Rule 215 of the Texas Rules of Civil Procedure.

Furthermore, demand is made for the supplementation of your answers to these Interrogatories as required by Rule 193.5 of the Texas Rules of Civil Procedure.

Respectfully submitted,

**LASSITER LAW FIRM**
3120 Southwest Freeway, Suite 650
Houston, Texas 77098
TEL (713)521-0104
FAX (713)521-0103
tim@lassiterlaw.net
service@lassiterlaw.net

BY: _____

JAMES M. LASSITER, III
STATE BAR NO. 11969825
TIMOTHY M. MCHALE
STATE BAR NO. 24046393
MOHAMMED H. NABULSI
STATE BAR NO. 24105686
HANNAH JOHANNES
STATE BAR NO. 24116572
ATTORNEYS FOR PLAINTIFFS

## DEFINITIONS AND INSTRUCTIONS

a.      As used herein, the terms "you" and "your" shall refer to Defendant OPELIA GUARDADO, the attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Defendant OPELIA GUARDADO whether authorized to do so or not.

b.      The term "documents" shall mean all writings of every kind, source, and authorship, both originals and all nonidentical copies thereof, in your possession or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or any private entity, or any person.

In accordance with Tex. R. Civ. P. 192.7, a document is deemed to be in your possession, custody or control if you have either actual physical possession of a document or constructive possession of the document.  Constructive possession means that you have a superior right to compel the production of such document or a copy thereof from a third party having actual physical possession of the document.

The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.  For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers;

checkbooks; circulars; collateral files and contents; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries, drafts; files; guaranty agreements; instructions; invoices; ledgers, journals balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including published books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; statements, interviews; stock transfer ledger; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

c.    "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

d.    "Identify" or "Identification":

(1)    When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

(2)    When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its chief executive officer and telephone number.

(3)    When used in reference to a document, "identify" or "identification" shall include statement of the following:

(a)    the title, heading, or caption, if any, of such document;

(b)    the identifying number(s), letter(s), or combination thereof, if any, and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(c)    the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(d)    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(e)    the name and capacity of the person who signed such

document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

      (f)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

      (g)    the physical location of the document and the name of its custodian or custodians.

      (4)    Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

e.    "Settlement:," as used herein, means an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, "arrangement," "deal", "understanding," loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiffs and any defendants or between any defendants herein whereby plaintiffs or defendant(s) have in any way released compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

The term "settlement" is also meant to include any resolution of the differences between the plaintiffs and defendant(s) by loan to the plaintiffs or any other device which is repayable in whole or in part out of any judgement the plaintiffs may recover against defendant(s).

The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

# I N T E R R O G A T O R I E S

1.    Were you the operator of a motor vehicle which was involved in a collision on AUGUST 3, 2018, the collision made the basis of this lawsuit?

**ANSWER**:

2.    Do you still own and/or have in your possession the vehicle that was involved in the collision on AUGUST 3, 2018? If not, state the full name, telephone number and present address of the owner or owners (or person who now has possession) of the motor vehicle which you were operating at the time of the collision in question.

**ANSWER**:

3.    Please state where you had been just prior to the collision, where you were going at the time of the collision, and the purpose of the trip.

**ANSWER**:

4.       Please state completely and fully all representations, statements, declarations or admissions made by LUIS MEJIA-HERNANDEZ, LOURDES BONILLA, or their agents, servants or employees. Include in your answer when the communication was made, the total verbatim communication and, if that is not possible, then state the detailed substance of the communication, by whom the communication was made, where such communication took place, and all persons present when such communication was made.

**ANSWER**:

5.       Please state any and all traffic violations you have had in the ten (10) years preceding this collision. Please indicate if you have had your driving license revoked due to any of these violations and the period of time your license was revoked for.

**ANSWER**:

6.       Please state whether you have had any other motor vehicle accidents in the past ten (10) years.  If so, please list the date and location of such accident, the parties involved and a factual description of the accident.

**ANSWER**:

7.       List all criminal arrests and/or charges against you, your predecessors, affiliates, or subsidiaries, or divisions by giving the cause number; identities of all accused; court of jurisdiction; description of criminal charges; date and place of arrest; plea made; date of trial and/or plea bargain; whether or not convicted and on what charges; time served; date of release from confinement; whether or not granted pardon or parole, and if so, date pardon granted or parole was or will be successfully completed.

**ANSWER**:

8.       Please give a detailed description of exactly how the collision made the basis of the lawsuit occurred.  Please indicate in your description the speed or estimated speed that the vehicles were traveling at the time of the incident.  On the back of this sheet please draw a diagram to indicate the location of the accident and the direction that the vehicles were traveling at the time of the collision.

**ANSWER**:

9.       Please indicate the speed or estimated speed that the vehicles were traveling at the time of the incident, including your speed at the time of the impact, and if you contend you applied your brakes prior to impact, what speed you were traveling prior to applying your brakes.

**ANSWER**:

10.    State in detail what intoxicating beverages, if any, you had consumed and what drugs and/or medications you had taken for the 24 hour period prior to the collision.

**ANSWER**:

11.    Describe any defect that you believe, or have reason to believe, was present in the road or in the marking or signage on the road that either caused or contributed to the collision in question.

**ANSWER:**

12.    Describe any belief that you may hold that the weather or a weather condition was a factor or contributed in any way to the collision in question.

**ANSWER:**

13.    What was the posted speed limit on the roadway or street on which any of the vehicles involved in this collision were traveling at the time of the collision in question?

**ANSWER:**

14.    Do you contend that there were any obstructions to visibility for any of the vehicle operators? If so, indicate what the obstructions were immediately before the collision and how it contributed to the collision in question.

**ANSWER**:

15.    Give the date of the last inspection of the vehicle you were driving at the time of the collision and the name of the inspection station giving the inspection and the date the inspection was given.

**ANSWER:**

16.    State the make and model of the vehicle you were driving at the time of the collision.

**ANSWER:**

17.    Do you intend to attempt to impeach Plaintiffs, their employees, agents, representatives, attorneys or any other natural persons or business or legal entities associated with in any way, acting or purporting to act for or on behalf of Plaintiff, with evidence of a criminal conviction, if any, as described in Rule 609 of the Federal (or Texas) Rules of Evidence? If so, please describe in detail such evidence, giving name of accused, nature of conviction and charges on which convicted, year of conviction and whether or not parole has been successfully completed or pardon granted.

**ANSWER:**

**VERIFICATION**

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF** | § |

 **BEFORE ME**, the undersigned authority, on this day personally appeared OPELIA GUARDADO, Defendant in the above numbered and entitled cause of action, and after being duly sworn, stated that the above and foregoing answers to interrogatories are true and correct.

_____
OPELIA GUARDADO, Defendant

 **SWORN TO AND SUBSCRIBED BEFORE ME** by the said OPELIA GUARDADO, on this the _____ day of _____, 2020, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

Unofficial Copy Office of Marilyn Burgess District Clerk

7/17/2020 12:12:16 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 44614034
By: SALGADO, CAROLINA
Filed: 7/17/2020 12:12:16 PM

CAUSE NO. _____

| | | |
|---|---|---|
| LUIS MEJIA-HERNANDEZ AND LOURDES CASTILLO, PLAINTIFFS | § | IN THE DISTRICT COURT |
| vs. | § | _____ JUDICIAL DISTRICT |
| OPELIA GUARDADO AND JESUS GUARDADO-HERNANDEZ, DEFENDANTS | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT

TO:  JESUS GUARDADO-HERNANDEZ, Defendant.

**NOW COMES** LUIS MEJIA-HERNANDEZ, Plaintiff, and pursuant to Rule 197 of the Texas Rules of Civil Procedure, serve the attached Interrogatories to be propounded to Defendant JESUS GUARDADO-HERNANDEZ.

You are hereby instructed to answer the following Interrogatories separately, fully, in writing, and under oath  as required by Rule 197.2(d) of the Texas Rules of Civil Procedure.  You are notified that the Plaintiff specifies that the answers shall be served upon the undersigned counsel within 50 days after the service of these Interrogatories.

Your failure to make timely answers or objections may subject you to sanctions as provided in Rule 215 of the Texas Rules of Civil Procedure.

Furthermore, demand is made for the supplementation of your answers to these Interrogatories as required by Rule 193.5 of the Texas Rules of Civil Procedure.

Respectfully submitted,

**LASSITER LAW FIRM**
3120 Southwest Freeway, Suite 650
Houston, Texas 77098
TEL (713)521-0104
FAX (713)521-0103
<u>tim@lassiterlaw.net</u>
<u>service@lassiterlaw.net</u>

BY: _____

    JAMES M. LASSITER, III
    STATE BAR NO. 11969825
    TIMOTHY M. MCHALE
    STATE BAR NO. 24046393
    MOHAMMED H. NABULSI
    STATE BAR NO. 24105686
    HANNAH JOHANNES
    STATE BAR NO. 24116572
    ATTORNEYS FOR PLAINTIFFS

## DEFINITIONS AND INSTRUCTIONS

a.    As used herein, the terms "you" and "your" shall refer to Defendant JESUS GUARDADO-HERNANDEZ, the attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Defendant JESUS GUARDADO-HERNANDEZ whether authorized to do so or not.

b.    The term "documents" shall mean all writings of every kind, source, and authorship, both originals and all nonidentical copies thereof, in your possession or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or any private entity, or any person.

In accordance with Tex. R. Civ. P. 192.7, a document is deemed to be in your possession, custody or control if you have either actual physical possession of a document or constructive possession of the document. Constructive possession means that you have a superior right to compel the production of such document or a copy thereof from a third party having actual physical possession of the document.

The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers;

checkbooks; circulars; collateral files and contents; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries, drafts; files; guaranty agreements; instructions; invoices; ledgers, journals balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including published books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; statements, interviews; stock transfer ledger; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

c.    "Person":  The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

d.    "Identify" or "Identification":

(1)    When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

(2)    When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its chief executive officer and telephone number.

(3)    When used in reference to a document, "identify" or "identification" shall include statement of the following:

(a)    the title, heading, or caption, if any, of such document;

(b)    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(c)    the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(d)    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(e)    the name and capacity of the person who signed such

document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

      (f)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

      (g)    the physical location of the document and the name of its custodian or custodians.

    (4)    Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

e.    "Settlement:," as used herein, means an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, "arrangement," "deal", "understanding," loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiffs and any defendants or between any defendants herein whereby plaintiffs or defendant(s) have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

The term "settlement" is also meant to include any resolution of the differences between the plaintiffs and defendant(s) by loan to the plaintiffs or any other device which is repayable in whole or in part out of any judgement the plaintiffs may recover against defendant(s).

The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

# INTERROGATORIES

1.    Please state the full name, address, telephone number, date of birth, driver's license number, social security number, and occupation of the person answering these interrogatories.

**ANSWER**:

2.    State the full name, telephone number, address and your immediate supervisor for your employers for the last five (5) years.  Please indicate if you have held any ownership interest in this(these) business(es).

**ANSWER**:

3.    Has Defendant been sued under the correct name?  If not, please state the correct name and explain your answer so that service may be properly obtained.

**ANSWER**:

4.      Provide the name current address, and phone number of Defendant OPELIA GUARDADO.

**ANSWER:**

5.      State the Style, Court and Cause number of any lawsuit you have been a party to and the final disposition of said suit.

**ANSWER:**

6.      Were you the owner and/or insurer of a motor vehicle which was involved in a collision on AUGUST 3, 2018, the collision made the basis of this lawsuit?

**ANSWER:**

7.      Do you still own and/or have in your possession the vehicle that was involved in the collision on AUGUST 3, 2018? If not, state the full name, telephone number and present address of the owner(s) and/or insurer(s) (or person who now has possession) of the motor vehicle which you were operating at the time of the collision in question.

**ANSWER:**

8.      Please state who was the operator of the vehicle involved in the incident made the basis of this lawsuit.

**ANSWER:**

9.      Was the operator referred to in Interrogatory no. 8 driving with your permission?

**ANSWER:**

10.     Please state in full detail each and every contention or denial of liability on Plaintiffs' claim made the basis of this suit. Include in your answer:

   a.      all facts known to you, and all propositions of law that your attorney, or anyone acting on your behalf or their behalf, which you contend support or corroborate each such denial;

   b.      the name, business and residence address, and telephone number of each person known to you who claims to have any knowledge relating to each such denial of Plaintiffs' claim; and

   c.      the name, business and residence address, and telephone number of the present custodian of any writings in support of each such denial.

**ANSWER:**

11.     Please state completely and fully all representations, statements, declarations or admissions made by OPELIA GUARDADO or her agents, servants or employees. Include in your answer when the communication was made, the total verbatim communication and, if that is not possible, then state the detailed substance of the communication, by whom the communication was made, where such

communication took place, and all persons present when such communication was made.

**ANSWER**:

12.    Please state whether OPELIA GUARDADO was dwelling in your home on or about AUGUST 3, 2018.

**ANSWER**:

13.    If you have responded to Interrogatory no. 12 in the negative, please state what facts support that proposition.

**ANSWER**:

14.    List all criminal arrests and/or charges against you, by giving the cause number; identities of all accused; court of jurisdiction; description of criminal charges; date and place of arrest; plea made; date of trial and/or plea bargain; whether or not convicted and on what charges; time served; date of release from confinement; whether or not granted pardon or parole, and if so, date pardon granted or parole was or will be successfully completed.

**ANSWER**:

15.    Please state in detail of exactly what Defendant, OPELIA GUARDADO told you about the incident made the basis of this lawsuit, including but not limited to, how the incident occurred, whether she had been drinking, where she was going and where she was coming from.

**ANSWER**:

16.    Please state whether Defendant, OPELIA GUARDADO, had used your vehicle or vehicles on previous occasions.  If so, did she do so with your permission?

**ANSWER**:

17.    If you contend that your vehicle was damaged in this collision, please describe the damage incurred and the cost of repairing said damage.

**ANSWER**:

18.    State the make and model of the vehicle involved in the incident made the basis of this lawsuit.

**ANSWER**:

19.    Please state whether Defendant, OPELIA GUARDADO, was in possession of a

operator's license issued by any state or foreign county at the time of the incident in question.

**ANSWER:**

**VERIFICATION**

**STATE OF TEXAS**                              §
                                               §
**COUNTY OF**                                  §

    **BEFORE ME**, the undersigned authority, on this day personally appeared JESUS GUARDADO-HERNANDEZ, Defendant in the above numbered and entitled cause of action, and after being duly sworn, stated that the above and foregoing answers to interrogatories are true and correct.

                                   _____
                                   JESUS GUARDADO-HERNANDEZ, Defendant

**SWORN TO AND SUBSCRIBED BEFORE ME** by the said JESUS GUARDADO-HERNANDEZ, on this the _____ day of _____, 2020, to certify which witness my hand and seal of office.

                                   _____
                                   Notary Public, State of Texas

7/17/2020 12:12:16 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 44614034
By: SALGADO, CAROLINA
Filed: 7/17/2020 12:12:16 PM

CAUSE NO. _____

| | | |
|---|---|---|
| LUIS MEJIA-HERNANDEZ AND LOURDES CASTILLO, PLAINTIFFS | § | IN THE DISTRICT COURT |
| vs. | § | _____ JUDICIAL DISTRICT |
| OPELIA GUARDADO AND JESUS GUARDADO-HERNANDEZ, DEFENDANTS | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

**TO:   OPELIA GUARDADO, Defendant.**

Please take notice that request is hereby made, pursuant to Rule 196 of the Texas Rules of Civil Procedure, that Defendant OPELIA GUARDADO produce and permit the undersigned attorney for Plaintiff LUIS MEJIA-HERNANDEZ, to inspect and copy or reproduce the documents hereinafter designated on Exhibit "A" attached hereto, at 3120 Southwest Freeway, Suite 650, Houston, Texas 77098 or at such other time and place as may be agreed upon by counsel for the parties.

Within 50 days after service of this Request for Production of Documents, Defendant shall file a written response stating with respect to each request that an inspection and copying or reproduction will be permitted as requested unless the request is objected to, in which event the reason for the objection shall be stated.

Respectfully submitted,

**LASSITER LAW FIRM**
3120 Southwest Freeway, Suite 650
Houston, Texas 77098
TEL (713)521-0104
FAX (713)521-0103
tim@lassiterlaw.net
service@lassiterlaw.net

BY: _____

JAMES M. LASSITER, III
STATE BAR NO. 11969825
TIMOTHY M. MCHALE
STATE BAR NO. 24046393
MOHAMMED H. NABULSI
STATE BAR NO. 24105686
HANNAH JOHANNES
STATE BAR NO. 24116572
ATTORNEYS FOR PLAINTIFFS

## DEFINITIONS AND INSTRUCTIONS

1.     As used herein, the terms "you" and "your" shall mean OPELIA GUARDADO, Defendant's attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Defendant, whether authorized to do so or not.

2.     As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing in one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person.   The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include:   affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers; journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase

orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; statements, interviews; stock transfer ledger; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

In accordance with Tex. R. Civ. P. §192.7, a document is deemed to be in your possession, custody or control if you have either actual physical possession of a document or constructive possession of the document. Constructive possession means that you have a superior right to compel the production of such document or a copy thereof from a third party having actual physical possession of the document.

3.      "Person" or "persons" means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as government or quasi-governmental agencies.  If other than a natural person, include all natural persons associated with such entity.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from AUGUST 3, 2018, through the date of production of documents requested herein.

## EXHIBIT A

## DOCUMENTS TO BE PRODUCED

1.   All photographs taken in connection with Plaintiffs' cause of action in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf, that are not privileged by law.

2.   All photographs taken of the scene of the accident or the surrounding area of the scene of the accident in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf, that are not privileged by law.

3.   All photographs taken of the Plaintiffs which may be in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

4.   All pictures, motion pictures, movies, films, or photographic material of any kind

taken of the Plaintiffs which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

5.  All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of defendant's lawsuit taken before, during or after the accident in question which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf that are not privileged by law.

6.  All written statements made by the Plaintiffs in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

7.  All oral statements made by the Plaintiffs which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

8.  All written statements made by any witnesses to the accident that are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf and that are not privileged by law.

9.  All oral, taped or recorded statements made by any witnesses to the accident that is the basis of Plaintiff's lawsuit which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf that are not privileged by law.

10. All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of (1) any expert who will or may be called by the Defendant as a witness during the trial of Defendant's case; (2) who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness.

11. A curriculum vitae or resume for any individual whom you may call as an expert witness in the trial of defendant's matter.

12. Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to Defendant, as a result of the accident of Plaintiffs which has been made the basis of Plaintiff's lawsuit that are not privileged by law.

13. Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of defendant's that Defendant prepared as a result of the accident made the basis of Plaintiffs lawsuit that are not privileged by law.

14. Copies of estimates, invoices, and/or any other written documentation which was prepared as a result of the damage to any vehicles involved in the accident made the basis of Plaintiffs' lawsuit.

15. Copies of any and all relevant documents, reports, and/or memorandum in Defendant's possession which have resulted from the accident made the basis of Plaintiffs' lawsuit.

17.   Copies of any indemnity agreement between Defendant and other parties.

18.   Copies of any and all amounts received by Defendant or Co-Defendant from any insurance coverage on the vehicle involved in the incident in question.

19.   Copies of any and all insurance policies responsible for any judgment which might be entered in this case.

20.   Copies of any reservation of rights letter received by Defendant from Defendant's insurance carrier.

21.   Copies of any documents from Defendant's insurance carrier regarding any disputes regarding coverage for the incident made the basis of this lawsuit.

22.   Executed attached Authorization for cellular/mobile phone records.

7/17/2020 12:12 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44614034
By: Carolina Salgado
Filed: 7/17/2020 12:12 PM

CAUSE NO. _____

| | | |
|---|---|---|
| LUIS MEJIA-HERNANDEZ AND LOURDES BONILLA, PLAINTIFFS | § | IN THE DISTRICT COURT |
| vs. | § | _____ JUDICIAL DISTRICT |
| OPELIA GUARDADO AND JESUS GUARDADO-HERNANDEZ, DEFENDANTS | § | HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME LUIS MEJIA-HERNANDEZ and LOURDES BONILLA (hereinafter called "Plaintiffs"), complaining of and about OPELIA GUARDADO and JESUS GUARDADO-HERNANDEZ (hereinafter called "Defendants"); and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL
I.

Petitioners intend discovery to be conducted under Level 3 of the Discovery Control Plan pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE
II.

This court has jurisdiction and venue is proper in Harris County, Texas because this is the county in which the cause of action described in this Original Petition occurred in part.

### PARTIES AND SERVICE
III.

1. Plaintiff LUIS MEJIA-HERNANDEZ brings this action individually. Plaintiff resides in Harris County, Texas.

2.      Plaintiff LOURDES BONILLA brings this action individually. Plaintiff resides in Harris County, Texas.

3.      Defendant OPELIA GUARDADO is an individual residing in Sedgwick County, Kansas, and may be served with citation at 2502 S. Minnesota Ave, Wichita, KS 67216-2256 or any other place Defendant may be found.

4.      Defendant JESUS GUARDADO-HERNANDEZ is an individual residing in Sedgwick County, Kansas, and may be served with citation at 2502 S. Minnesota Ave, Wichita, KS 67216-2256 or any other place Defendant may be found.

3.      Defendant OPELIA GUARDADO, is an individual residing in Kansas. Pursuant to §17.062 of the Texas Civil Practice & Remedies Code, Defendant has appointed the Chairman of the State Highway & Public Transportation Commission as his true and lawful agent to receive service of process.

Service may be had on the Chairman at the DeWitt C. Greer State Highway Building, 11th and Brazos, Austin, Texas 78701. The Chairman of the State Highway & Public Transportation Commission will then forward the Petition and citation to Defendant OPELIA GUARDADO. Guardado may be served with citation at 2502 S. Minnesota Ave, Wichita, KS 67216-2256 or any other place where Defendant may be found.

4.      Defendant JESUS GUARDADO-HERNANDEZ, is an individual residing in Kansas. Pursuant to §17.062 of the Texas Civil Practice & Remedies Code, Defendant has appointed the Chairman of the State Highway & Public Transportation Commission as his true and lawful agent to receive service of process.

Service may be had on the Chairman at the DeWitt C. Greer State Highway Building, 11th and Brazos, Austin, Texas 78701. The Chairman of the State Highway &

Public Transportation Commission will then forward the Petition and citation to Defendant JESUS GUARDADO-HERNANDEZ. Guardado-Hernandez may be served with citation at 2502 S. Minnesota Ave, Wichita, KS 67216-2256 or any other place where Defendant may be found.

**FACTS**
**V.**

On or about AUGUST 3, 2018, Plaintiff LUIS MEJIA-HERNADEZ was operating a motor vehicle in which Plaintiff LOURDES CASTILLO was a passenger, in Houston, Harris County, Texas, in a reasonable and prudent manner, exercising ordinary care for his safety and the safety of others, when Plaintiffs were involved in a collision with a vehicle, which was operated by Defendant OPELIA GUARDADO and owned and/or insured by Defendant JESUS GUARDADO-HERNANDEZ. The collision, which was proximately caused by Defendants' negligence, occurred as follows: Plaintiffs were traveling southbound on the 2201 block of the South Freeway. Defendant OPELIA GUARDADO was also traveling southbound on the 2201 block of the South Freeway. Defendant OPELIA GUARDADO failed to control the speed of her motor vehicle and collided with Plaintiffs' vehicle. As a result of the negligent conduct of Defendant and the resulting collision, Plaintiffs sustained substantial physical injuries to Plaintiffs' persons and extensive damage to Plaintiffs' property.

**NEGLIGENT ENTRUSTMENT AGAINST**
**JESUS GUARDADO-HERNANDEZ**
**VI.**

On the date in question, Defendant JESUS GUARDADO-HERNANDEZ was the owner and/or insurer of the vehicle operated by Defendant OPELIA GUARDADO.

Defendant JESUS GUARDADO-HERNANDEZ knew or should have known that Defendant OPELIA GUARDADO was an unfit, reckless, or incompetent driver. Accordingly, Defendant JESUS GUARDADO-HERNANDEZ is liable for negligent entrustment.

## NEGLIGENCE
## VI.

The collision and Plaintiffs' injuries suffered by reason thereof were proximately caused by Defendant OPELIA GUARDADO's negligent, careless, and reckless disregard of duty which consisted of, but is not limited to, the following acts and omissions:

1.  In that Defendant failed to keep a proper lookout for the Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

2.  In that Defendant failed to apply the brakes to her motor vehicle in order to avoid the collision in question;

3.  In that Defendant was operating her motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

4.  In that Defendant failed to turn her motor vehicle in an effort to avoid the collision complained of;

5.  In that Defendant failed to control the speed of her vehicle;

6.  In that Defendant failed to yield to Plaintiff;

7.  In that Defendant failed to pay attention;

8.  In that Defendant failed to yield the right of way; and/or

9.  In that Defendant failed to keep a reasonable distance between her vehicle and Plaintiffs vehicle.

Each of the aforementioned negligent acts or omissions of Defendant OPELIA GUARDADO constituted a proximate cause of the collision and of the resulting damages and injuries to Plaintiffs and Plaintiffs' property.

**DAMAGES FOR PLAINTIFFS**
**VII.**

Upon the trial of this case, it will be shown that Plaintiffs were caused to sustain injuries and damages in the amount which exceeds the minimum jurisdictional limits of the Court. By law, the amount of damages is within the exclusive province of the jury. Plaintiffs do not wish to substitute their judgment for the judgment of the jurors in this case as to the amount of damages. Subject to the judgment of fair and impartial jurors selected to serve in this case, Plaintiffs state that the maximum amount of damages sought does not exceed $1,000,000.00 exclusive of court costs, and applicable pre-judgment and post-judgment interest.

Plaintiffs reserve the right to amend this petition. Plaintiffs respectfully request that the Court and jury determine the amount of loss that they have incurred in the past and that they will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry.

There are certain elements of damage which, by law, Plaintiffs are entitled to have the jury consider in order to determine form a preponderance of the evidence, the amount of money which would be fairly and reasonably compensate Plaintiffs for the injuries and damages they have sustained in the past, and will, in reasonable probability, sustain in the future.

Those elements of damage sustained by the Plaintiffs from the time of the incident until the trial of this cause, and from the time of trial into the future, include but are not limited to the following:

    a.      Physical pain in the past and future.

    b.      Mental anguish in the past and future.

    c.      Physical disfigurement in the past and future.

d.      Physical impairment in the past and future.

e.      Medical expenses in the past and future.

f.      Loss of earning capacity in the past and future.

g.      Loss of household services in the past and future.

h.      Property damage/diminished value damage.

i.      Loss of use.

j.      Cost of repair.

k.      Lost wages past and future.

l.      Costs of suit.

m.      Prejudgment and post-judgment interest.

n.      All other relief, in law and in equity, to which Plaintiffs may be entitled.

By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## REQUEST FOR DISCLOSURE
### X.

In accordance with Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs hereby requests that Defendants disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs LUIS MEJIA-HERNANDEZ and LOURDES BONILLA respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be

entered for the Plaintiffs against Defendants for damages in an amount not more than $1,000,000.00; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**LASSITER LAW FIRM**
3120 Southwest Freeway, Suite 650
Houston, Texas 77098
TEL (713)521-0104
FAX (713)521-0103
tim@lassiterlaw.net
service@lassiterlaw.net

BY: _____

JAMES M. LASSITER, III
State Bar No. 11969825
TIMOTHY M. MCHALE
State Bar No. 24046393
MOHAMMED H. NABULSI
State Bar No. 24105686
HANNAH JOHANNES
State Bar No. 24116572
ATTORNEYS FOR PLAINTIFFS

CAUSE NO. 202042648

COPY OF PLEADING PROVIDED BY PLT

RECEIPT No. 859194   TR# 73769508
EML

| | |
|---|---|
| Plaintiff:<br>MEJIA-HERNANDEZ, LUIS<br>vs.<br>Defendant:<br>GUARDADO, OPELIA | In The 189th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

CITATION (STATE HIGHWAY COMMISSION)

THE STATE OF TEXAS
County of Harris

To:   **GUARDADO-HERNANDEZ, JESUS MAY BE SERVED THROUGH THE CHAIRMAN OF THE STATE HIGHWAY &**
**PUBLIC TRANSPORTATION COMMISSION DEWITT C GREER**
**STATE HIGHWAY BUILDING 11TH AND BRAZOS AUSTIN TX 78701**
**FORWARD TO:**
**2502 S MINNESOTA AVE, WICHITA KS 67216-2256**
**OR ANY OTHER PLACE WHERE DEFENDANT MAY BE FOUND**

      Attached is a certified copy of: PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR
DISCLOSURE INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

This instrument was filed on July 17, 2020 in the above cited cause number and court.  The
instrument attached describes the claim against you.

      YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your Attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.

TO OFFICER SERVING:

      This citation was issued on July 22, 2020, under my hand and seal of said court.

Issued at the request of:

LASSITER, JAMES MORRIS III
3120 SOUTHWEST FREEWAY SUITE 650
HOUSTON, TX  77098
713-521-0104
Bar Number: 11969825

*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE, Houston TX 77002
(PO Box 4651,Houston, TX 77210)


Generated By: CAROLINA SALGADO

EML

Tracking Number: 73769508

CAUSE NUMBER: 202042648

PLAINTIFF: MEJIA-HERNANDEZ, LUIS

    vs.

DEFENDANT: GUARDADO, OPELIA

In the 189th

Judicial District Court of

Harris County, Texas

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the_____ day of _____, 20_____. Executed at

(Address)_____ in

_____ in

_____ County at o'clock ___. M. On the _____ day of _____, 20____, by_____

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTPetition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____
   By_____
      Affiant                                                                                     Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____

Unofficial Copy Office of Marilyn Burgess District Clerk

Notary Public

CAUSE NO. 202042648

COPY OF PLEADING PROVIDED BY PLT

RECEIPT No. 859194   TR# 73769507
EML

| | |
|---|---|
| Plaintiff: | In The 189th |
| MEJIA-HERNANDEZ, LUIS | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| GUARDADO, OPELIA | Houston, Texas |

CITATION (STATE HIGHWAY COMMISSION)

THE STATE OF TEXAS
County of Harris

To:   **GUARDADO, OPELIA MAY BE SERVED THROUGH THE CHAIRMAN OF THE STATE HIGHWAY & PUBLIC
TRANSPORTATION COMMISSION DEWITT C GREER
STATE HIGHWAY BUILDING 11TH AND BRAZOS AUSTIN TX 78701
FORWARD TO:
2502 S MINNESOTA AVE, WICHITA KS 67216-2256
OR ANY OTHER PLACE WHERE DEFENDANT MAY BE FOUND**

        Attached is a certified copy of: PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR
DISCLOSURE INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

This instrument was filed on July 17, 2020 in the above cited cause number and court.  The
instrument attached describes the claim against you.

        YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your Attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.

TO OFFICER SERVING:

        This citation was issued on July 22, 2020, under my hand and seal of said court.

Issued at the request of:

LASSITER, JAMES MORRIS III
3120 SOUTHWEST FREEWAY SUITE 651
HOUSTON, TX  77098
713-521-0104
Bar Number: 11969825

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE, Houston TX 77002
(PO Box 4651,Houston, TX 77210)

Generated By: CAROLINA SALGADO

Unofficial Copy Office of Marilyn Burgess District Clerk

EML

Tracking Number: 73769507

CAUSE NUMBER: 202042648

PLAINTIFF: MEJIA-HERNANDEZ, LUIS                     In the 189th
    vs.                                          Judicial District Court of
DEFENDANT: GUARDADO, OPELIA                           Harris County, Texas

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the_____ day of _____,
20_____. Executed at

(Address)_____
_____ in

_____ County at o'clock ___. M. On the _____ day of
_____, 20_____, by

Delivering to _____defendant, in person, a true
copy of this Citation together with the accompanying _____ copy (ies) of the PLAINTIFFS
ORIGINAL PETITION AND REQUEST FOR DISCLOSURE INTERROGATORIES AND REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANTPetition attached thereto and I endorsed on said copy of the Citation
the date of delivery.

To certify which I affix my hand officially this _____day of
_____, 20.

Fees $_____

_____
   By_____
      Affiant                                    Deputy

On this day, _____, known to me to be the
person whose signature appears on the foregoing return, personally appeared.  After being by
me duly sworn, he/she stated that this citation was executed by him/her in the exact manner
recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____,
20___.

_____

Notary Public

Unofficial Copy Office of Marilyn Burgess District Clerk

8/11/2020 10:32 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 45269867
By: Ozuqui Quintanilla
Filed: 8/11/2020 10:32 AM

COPY OF PLEADING PROVIDED BY PLT

CAUSE NO. 202042648

RECEIPT No. 859194    TR# 73769508

EML

Plaintiff:
MEJIA-HERNANDEZ, LUIS
vs.
Defendant:
GUARDADO, OPELIA

In The 189th
Judicial District Court of
Harris County, Texas
201 CAROLINE
Houston, Texas

CITATION (STATE HIGHWAY COMMISSION)

THE STATE OF TEXAS
County of Harris

To:  **GUARDADO-HERNANDEZ, JESUS MAY BE SERVED THROUGH THE CHAIRMAN OF THE STATE HIGHWAY &**
**PUBLIC TRANSPORTATION COMMISSION DEWITT C GREER**
**STATE HIGHWAY BUILDING 11TH AND BRAZOS AUSTIN TX 78701**
**FORWARD TO:**
**2502 S MINNESOTA AVE, WICHITA KS 67216-2256**
**OR ANY OTHER PLACE WHERE DEFENDANT MAY BE FOUND**

Attached is a certified copy of: PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR
DISCLOSURE INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

This instrument was filed on July 17, 2020 in the above cited cause number and court. The
instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your Attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This citation was issued on July 22, 2020, under my hand and seal of said court.

Issued at the request of:

LASSITER, JAMES MORRIS III
3120 SOUTHWEST FREEWAY SUITE 650
HOUSTON, TX  77098
713-521-0104
Bar Number: 11969825

*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE, Houston TX 77002
(PO Box 4651, Houston, TX 77210)

Generated By: CAROLINA SALGADO

Unofficial Copy Office of Marilyn Burgess District Clerk

EML

Tracking Number: 73769508

CAUSE NUMBER: 202042648

PLAINTIFF: MEJIA-HERNANDEZ, LUIS

     vs.

DEFENDANT: GUARDADO, OPELIA

In the 189th
Judicial District Court of
Harris County, Texas

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _10:00_ o'clock _a_. M. on the _27_ day of _July_,
20_20_. Executed at

(Address) _125 E 11th St, Austin, TX 78701-2483_
_____ in

_Travis_____ County at _6:21_ o'clock _a_. M. On the _31_ day of
_July_ 20_20_ by _Jesus Guardado-Hernandez by serving_ _My CMRRR 70192970000219914052_
Delivering to _Texas Transportation Commission, Attn: Chairman_ defendant, ~~in person~~, a true
copy of this Citation together with the accompanying _____ copy (ies) of the PLAINTIFFS
ORIGINAL PETITION AND REQUEST FOR
DISCLOSURE INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _10_ day of
_August_, 20_20_
Fees $ _75_

By _Heather Bork Psc# 8133 Exp 2/28/22_
      Affiant                              Deputy

On this day, _Heather Bork_____, known to me to be the
person whose signature appears on the foregoing return, personally appeared. After being by
me duly sworn, he/she stated that this citation was executed by him/her in the exact manner
recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _10th_ day of _August_____,
20_20_

DAISY GARCIA
Notary Public, State of Texas
Comm. Expires 10-03-2022
Notary ID 131747948



Unofficial Copy Office of Marilyn Burgess District Clerk

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: *Jesus Guardado Florendo*

**TEXAS TRANSPORTATION COMMISSION**
**ATTN: CHAIRMAN**
**125 E. 11th STREET**
**AUSTIN, TEXAS 78701-2483**

9590 9402 5621 9308 7178 25

2. Article Number *(Transfer from service label)*

7019 2970 0002 1991 4052

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X ⟨signature⟩
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*   RANDY TOINE   C. Date of Delivery   JUL 31 2020

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053       Domestic Return Receipt

8/24/2020 11:32 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 45631773
By: Iris Collins
Filed: 8/24/2020 11:32 AM

CAUSE NO. 2020-42648

| | |
|---|---|
| LUIS MEJIA-HERNANDEZ AND LOURDES BONILLA, PLAINTIFFS | IN THE DISTRICT COURT |
| vs. | 189TH JUDICIAL DISTRICT |
| OPELIA GUARDADO AND JESUS GUARDADO-HERNANDEZ, DEFENDANTS | HARRIS COUNTY, TEXAS |

## DEFENDANT, OFELIA GUARDADO SUED HEREIN AS OPELIA GUARDADO AND JESUS GUARDADO-HERNANDEZ'S, ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES OFELIA GUARDADO SUED HEREIN AS OPELIA GUARDADO AND JESUS GUARDADO-HERNANDEZ, Defendant in the above-styled and numbered cause, and files Defendant's Original Answer, and in support hereof would respectfully show unto the Court the following:

1.

## GENERAL DENIAL

Defendant denies each and every, all and singular the material allegations made and contained in the Original Petition and any petition which Plaintiff(s) may hereinafter file by way of amendment or supplement, and, in accordance with Texas law, demands that Plaintiff(s) prove by a preponderance of the credible evidence each and every such allegation made and contained therein.

2.

## CONTRIBUTORY NEGLIGENCE OF PLAINTIFF

Further answering, if the same be necessary, without waiver of the foregoing, Defendant would show that at the same time and on the occasion in question, Plaintiff was guilty of one or

more negligent acts and/or omissions which were the sole proximate cause or proximately contributed to cause, the incident in question and any and all resulting injuries and damages.

**3.**

**FAILURE TO MITIGATE DAMAGES**

Further answering, if the same be necessary, and without waiving any of the matters hereinabove alleged, this Defendant would show that Plaintiff, through want of care, aggravated or failed to mitigate the effect of his/her injuries resulting from the occurrence in question.

**4.**

**AMOUNT OF RECOVERY**

In addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant.

**5.**

**PRIOR CONDITION FOR DAMAGES**

Further answering, if the same be necessary, and without waiving any of the matters hereinabove alleged, Defendant would show by way of affirmative defense that Plaintiff's physical damages complained of, if any, were the result of prior or preexisting injuries, accidents or physical conditions and said prior or pre-existing injuries, accidents or physical conditions were the sole and/or a contributing cause of the Plaintiff's damages alleged against this Defendant.

**6.**

**UNAVOIDABLE ACCIDENT**

Further, the Defendant would show that the occurrence in question was the result of an unavoidable accident as that term is defined by law.

**7.**

**JURY REQUEST**

Defendant respectfully requests a jury trial.

**8.**

**DESIGNATED E-SERVICE EMAIL ADDRESS**

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff(s) take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**LEE K. SHUCHART**
TBN:  18275900
811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2826
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT(S)
OFELIA GUARDADO SUED HEREIN AS
OPELIA GUARDADO AND JESUS
GUARDADO-HERNANDEZ

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served in compliance

with Rules 21 and 21a of the Texas Rules of Civil Procedure on the 24th day of August 2020, to:

JAMES M. LASSITER, III, Esq.
LASSITER LAW FIRM
3120 Southwest Freeway, Suite 650
Houston, Texas 77098
service@lassiterlaw.net
ATTORNEYS FOR PLAINTIFFS

**LEE K. SHUCHART**

8/25/2020 11:28 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 45674170
By: Deandra Mosley
Filed: 8/25/2020 11:28 AM

COPY OF PLEADING PROVIDED BY PLT        CAUSE NO. 202042648

RECEIPT No. 859194   TR# 73769507
EML

Plaintiff:
MEJIA-HERNANDEZ, LUIS
vs.                                          In The 189th
Defendant:                                   Judicial District Court of
GUARDADO, OPELIA                             Harris County, Texas
                                             201 CAROLINE
                                             Houston, Texas
THE STATE OF TEXAS          CITATION (STATE HIGHWAY COMMISSION)
County of Harris

To:   GUARDADO, OPELIA MAY BE SERVED THROUGH THE CHAIRMAN OF THE STATE HIGHWAY & PUBLIC
TRANSPORTATION COMMISSION DEWITT C GREER
STATE HIGHWAY BUILDING 11TH AND BRAZOS AUSTIN TX 78701
FORWARD TO:
2502 S MINNESOTA AVE, WICHITA KS 67216-2256
OR ANY OTHER PLACE WHERE DEFENDANT MAY BE FOUND

        Attached is a certified copy of: PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR
DISCLOSURE INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

This instrument was filed on July 17, 2020 in the above cited cause number and court.  The
instrument attached describes the claim against you.

        YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your Attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.

TO OFFICER SERVING:

        This citation was issued on July 22, 2020, under my hand and seal of said court.

Issued at the request of:

LASSITER, JAMES MORRIS III                   Marilyn Burgess, District Clerk
3120 SOUTHWEST FREEWAY SUITE 650
HOUSTON, TX  77098                           Harris County, Texas
713-521-0104                                 201 CAROLINE, Houston TX 77002
Bar Number: 11969825                         (PO Box 4651,Houston, TX 77210)

                                             Generated By: CAROLINA SALGADO

EML

Tracking Number: 73769507

### CAUSE NUMBER: 202042648

PLAINTIFF: MEJIA-HERNANDEZ, LUIS

    vs.

DEFENDANT: GUARDADO, OPELIA

In the 189th
Judicial District Court of
Harris County, Texas

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _10:00_ o'clock _a._ M. on the _27_ day of _July_,
20_20_. Executed at

(Address) _125 E 11th St Austin, TX 78701-2483_
_____ in

_Travis_ County at _6:43_ o'clock _a._ M. On the _19_ day of
_August_, 20_20_ by serving Texas _7019.2970.0002.1991.4069_
Delivering to _Opelia Guardado by serving CMRRR_____ defendant, ~~in person~~, a true
copy of this Citation together with the accompanying _____ copy (ies) of the PLAINTIFFS
ORIGINAL PETITION AND REQUEST FOR DISCLOSURE INTERROGATORIES AND REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT Petition attached thereto and I endorsed on said copy of the Citation
the date of delivery.

To certify which I affix my hand officially this _____ day of
_____, 20.

Fees $ _75_

(By) _Heather Bork Psc#8133 Exp 2/28/22_
    Affiant
                                          Deputy

On this day, _Heather Bork_____, known to me to be the
person whose signature appears on the foregoing return, personally appeared. After being by
me duly sworn, he/she stated that this citation was executed by him/her in the exact manner
recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _24_ day of _August_,
20_20_.

_S Rendon_

JACQUELINE RENDON CERVANTEZ
Notary Public, State of Texas
Comm. Expires 08-13-2024
Notary ID 132623008



Unofficial Copy Office of Marilyn Burgess District Clerk